## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUZANA VANGJELI,** | : | |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-CV-2882** |
| | : | |
| **OFFICE OF DISCIPLINARY** | : | |
| **COUNSEL I,** *et al,* | : | |
| *Defendants.* | : | |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                        **JULY 17, 2018**

Plaintiff Suzana Vangjeli, proceeding *pro se*, brings this civil action against "Office of Disciplinary Counsel I" and Anthony P. Sodroski, the Disciplinary Counsel-in-Charge. She has also filed a Motion for Leave to Proceed *In Forma Pauperis.* (ECF No. 1.) For the following reasons, the\IS Court will grant Vangjeli leave to proceed *in forma pauperis* and will dismiss her Complaint.

## I.      FACTS

In her Complaint, Vangjeli alleges that her oldest son, Andi Vangjeli, was falsely accused by his younger brother's former girlfriend of "criminal actions against her." (Compl. at 3.) Vangjeli claims that this woman is the daughter of Timothy O'Brien, a former bail commissioner who "unfortunately has ties with court and prison system in PA." (*Id.*) Vangjeli further asserts that former Assistant District Attorneys Christina Giardina, Elizabeth Giuliano, and Edward Grant wrongfully convicted her son. (*Id.*) She also claims that Jonathan James, Esq., "did so much d[a]mage financially and emotionally by 'ine[f]fective assistance of counseling.'" (*Id.*)

Vangjeli also asserts that Gina Capuano, Esq., "did so much damage financially and emotionally." (*Id.*)[1]

Vangjeli further asserts that former Assistant District Attorney Elizabeth Giuliano worked with Warden Gerald May, "sometime on 6-25-2016," to ban her from visiting her son at the Curran-Fromhold Correctional Facility ("CFCF"). (*Id.*) According to Vangjeli, this ban was premised on a false allegation that she had attempted to "sneak contraband in CFCF." (*Id.*) She contends that she still has "a permanent ban on [her] record." (*Id.*) Because of this ban, Vangjeli "was removed from correctional officer process." (*Id.*)

As relief, Vangjeli asks that the Court to "confront the decision of Counsel-in-Charge Anthony Sodroski for making the final decision for closing the action of reviewing further the dismissal of complaints against former DA(s) Christian Giardina Elizabeth Giuliano Edward Grant and also Jonathan James Esq. and Gina Capuano Esq." (*Id.* at 4.) She also wants the Court to "confront all the financial and emotional[] damages that truly go over $55,000 (I will [prove] everything)." (*Id.*).

## II.    STANDARD OF REVIEW

The Court will grant Vangjeli leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This provision requires the Court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by

---

[1]    According to public dockets, Andi Vangjeli was recently convicted of several charges, including carrying firearms without a license, simple assault, terroristic threats, harassment, and intimidating witnesses or victims. *See Commonwealth v. Vangjeli*, Docket Nos. CP-51-CR-0004509-2016, CP-51-CR-0002651-2016, CP-51-CR-0002655-2016, and CP-51-CR-0002658-2016 (Phila. Ct. Common Pleas). James and Capuano represented him on these charges. Giardina, Giuliano, and Grant were involved in the prosecution.

the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Vangjeli is proceeding *pro se*, this Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

As an initial matter, it is difficult to determine whether Vangjeli has a basis for a plausible claim due to how the Complaint is pled. As noted, Vangjeli names "Office of Disciplinary Counsel I" and Anthony P. Sodroski in the caption of her Complaint, but identifies Christina Giardina, Gina Capuano, Edward Grant, Jonathan James, and Elizabeth Giuliano as Defendants on the second page of her Complaint. Accordingly, it is difficult to determine who are the actual Defendants are in this case, thus, making it difficult to assess the validity of any of Vangjeli's claims.

In any event, the majority of Vangjeli's Complaint focuses on her belief that her son was wrongfully convicted by Giardina, Giuliano, and Grant; and that Capuano and James provided her son with ineffective assistance of counsel. Vangjeli, however, lacks standing to pursue these claims on behalf of her son. Even if her son were a party to this case, she would not be able to represent him because a non-attorney (proceeding *pro se*) may not represent others in federal court. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of*

*Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). Therefore, any claim raised on behalf of Andi Vangjeli is dismissed, without prejudice.

With respect to claims for which Vangjeli does have standing, such claims are construed as being brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Vangjeli's claims fail for the following reasons.

First, Vangjeli contends that Giuliano worked with Warden May to ban her from visiting her son at CFCF. (Compl. at 3.) This Court, however, has held in *Africa v. Vaughn*, Civ. A. 96-0649, 1996 WL 65445, at *1 (E.D. Pa. Feb. 14, 1996), that "[N]either convicted prisoners nor their family members have an inherent constitutional right to visitation." Thus, Vangjeli cannot maintain her claim regarding visitation against Giuliano.[2]

---

[2]     Vangjeli vaguely suggests that she "was removed from correctional officer process" because of the "false ban." (Compl. at 3.) To the extent that she is attempting to raise a defamation claim pursuant to § 1983, that claim also fails. An individual does not have a protected interest in reputation alone. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation <u>plus</u> deprivation of some additional right or interest"). In the public employment context, "the 'stigma-plus' test has been applied to mean that when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with his termination,' it deprives the employee of a protected liberty interest." *Hill*, 455 F.3d at 236 (quoting *Codd v. Velger*, 429 U.S. 624, 628 (1977)). Here, nothing in the Complaint suggests that Giuliano would have been Vangjeli's employer had she successfully become a correctional officer. Moreover, "before one can develop a property interest in employment, one must—at a minimum—be employed." *Kosinski v. Conn. State Dep't of Educ.*, No. 3:10-CV-0805 (CSH), 2011 WL 1134236, at *6 (D. Conn.

Vangjeli also appears to fault the Office of Disciplinary Counsel and Anthony P. Sodroski for not "reviewing further the dismissal of complaints" against the Assistant District Attorneys. (Compl. at 4.) However, "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (*per curiam*) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."). Therefore, Vangjeli's § 1983 claim against the Office of Disciplinary Counsel and Sodroski will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Vangjeli leave to proceed *in forma pauperis* and dismiss her Complaint. Vangjeli will not be permitted to file an amended complaint, as it does not appear that she can cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.


**NITZA I. QUIÑONES ALEJANDRO, J.**

---

Mar. 24, 2011); *see also Paul*, 424 U.S. at 710 (suggesting that defamation "ha[s] to occur in the course of termination of employment" for a plaintiff to have a plausible § 1983 defamation claim). Here, nothing in the Complaint suggests that Vangjeli had been employed as a correctional officer and was terminated from that position due to the "false ban;" rather, the Complaint states that she was removed from the process of becoming a correctional officer. Thus, any defamation claim brought pursuant to § 1983 is also subject to dismissal.